The Law Office of Anthony Paul Diehl
Anthony Paul Diehl, Esq. SBN 342160
104 Blue Note
Irvine, California 92618
Phone (949) 694-9702
Facsimile (949) 694-9704
anthony@apdlaw.net

*Attorney for Plaintiff*
*Michael Sumner*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| MICHAEL SUMNER,<br>Plaintiff,<br><br>vs.<br><br>THE BANK OF MISSOURI, ASPIRE, ATLANTICUS HOLDINGS CORPORATION, AND DOES 1 THROUGH 20,<br>Defendants. | Case No. 5:25-cv-01482-MRA-(DTBx)<br><br>**PLAINTIFF MICHAEL SUMNER'S MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447(C)** |

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This lawsuit arises exclusively under California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), which is a state-law scheme regulating debt collection practices. Plaintiff alleges that Defendants violated provisions of the Rosenthal Act (Cal. Civ. Code § 1788 et seq.) in the course of attempting to collect

a consumer debt. The complaint pleads no stand-alone claim under the federal FDCPA, or any other federal law, and was filed as a limited-civil case (amount demanded does not exceed $35,000).

Defendants nevertheless removed this case under 28 U.S.C. § 1331, asserting that the claim "arises under" the FDCPA because Cal. Civ. Code § 1788.17 cross-references certain FDCPA provisions. That theory is untenable. Defendants' theory appears to be that because the Rosenthal Act incorporates certain FDCPA provisions by reference (through Cal. Civ. Code § 1788.17), any Rosenthal Act claim automatically presents a federal question. The United States Supreme Court made clear that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. (See *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 813 (1986)) Even where a state law references or adopts federal standards, the claim arises under state law unless a federal issue is necessarily raised and actually disputed in a substantial way. Here, the incorporated FDCPA provisions function as elements of Plaintiff's state-law claim, not as an independent federal claim.

Because no federal question appears on the face of the well-pleaded complaint, this Court lacks jurisdiction under 28 U.S.C. § 1331. Defendants likewise failed to establish (or even properly alleged) diversity jurisdiction under 28 U.S.C. § 1332. The amount in controversy does not exceed $75,000, as Plaintiff's claims seek limited statutory and actual damages well below that threshold. In short, Defendants lack a lawful basis to drag this purely state-law case into federal court.

Because Defendants' removal lacked any objectively reasonable basis, Plaintiff respectfully requests the Court remand the case to state court, and award just costs and attorney's fees.

**LEGAL STANDARD**

The Ninth Circuit "strictly construe[s] the removal statute against removal

jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." (*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). “The Ninth Circuit recognizes a ‘strong presumption against removal.’” (*Id.*). Any doubts as to removability should be resolved in favor of remand. (*Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)).

Under 28 U.S.C. § 1441, a case filed in state court may be removed to federal court only if it is one “that could [have] originally been filed in federal court.” The two primary bases for original federal jurisdiction are: (1) federal-question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332(a) (requiring complete diversity of citizenship and an amount in controversy greater than $75,000) (See *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); and, *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996)).

The presence or absence of federal question jurisdiction “is governed by the well-pleaded complaint rule,’ which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff’s properly pleaded complaint.” (*Caterpillar, Inc.*, 482 U.S. at 392). “The burden of establishing federal jurisdiction is on the party seeking removal” and the defendant bears the burden of showing that removal is proper. (*Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988); and, *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)).

## ARGUMENT

### A. No Federal-Question Jurisdiction Exists

Federal jurisdiction begins and ends with the well-pleaded complaint. A claim arises under federal law only when a federal question appears on the complaint’s face. (See *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Here, the complaint pleads a single California statute, the Rosenthal Act, and makes no stand-alone FDCPA claim. Because the pleading relies exclusively on state law, it offers

no federal hook.

Defendants try to conjure one by misreading the pleading. Paragraph 2 of the Notice of Removal asserts that "Plaintiff alleges Defendants violated the Fair Debt Collection Practices Act." That statement is wrong. The FDCPA appears in the complaint only as a benchmark for Rosenthal Act liability not as an independent cause of action. In the Second Cause of Action, Plaintiff alleges a violation of Cal. Civ. Code § 1788.17 and, as § 1788.17 requires, cites FDCPA §§ 1692c(a)(2), 1692c(c), 1692e, and 1692f to show how Defendants breached state law. This incorporation does not federalize the claim.

The Supreme Court found "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." (*Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 813 (1986)). A federal issue is not a "password" that opens every state lawsuit to federal court. (*Grable & Sons Metal Prods. v. Darue Eng'g,* 545 U.S. 308, 314 (2005)). Defendants therefore cannot manufacture jurisdiction by pointing to Cal. Civ. Code § 1788.17, which borrows certain FDCPA statutes but leaves enforcement squarely in state hands.

Section 1788.17 merely incorporates certain FDCPA duties into California law. The law is well established that the Rosenthal Act incorporates provisions of the FDCPA. (See *Reyes Lopez v. Kenosian & Miele*, 525 F. Supp. 2d 1158, 1165 (N.D. Cal. 2007) (detailing the Legislature's adoption of FDCPA provisions but treating Rosenthal claims as state claims); *Ortega v. HomEq Serv.*, No. CV 09-02130 MMM (DTBx), 2010 WL 383368, at *5 (C.D. Cal. Jan.10 25, 2010) ("Referencing the federal statute does not automatically transform a Rosenthal Act claim into a federal claim."); see also *Olson v. Wells Fargo Bank*, 961 F. Supp. 2d 1149, 1164 n.2 (C.D. Cal 13 Aug. 1, 2013) (holding that plaintiff's reference to the FDCPA was insufficient to vest the District Court with federal question jurisdiction because "such references are inevitable as the California legislature incorporated portions of the FDCPA into its law")

Accordingly, the FDCPA citations in the complaint reflect state-law elements, not federal causes of action. Plaintiff's claims rest exclusively on state statutory rights, and no substantial federal issue is present. Jurisdiction under 28 U.S.C. § 1331 therefore fails, and removal must be rejected.

**B. Defendants Cannot Salvage Removal Through Diversity Jurisdiction (Insufficient Amount in Controversy)**

Defendants removed solely on "federal-question" grounds and never invoked diversity. Their Notice of Removal nowhere alleges that the amount in controversy exceeds the $75,000 threshold set by 28 U.S.C. § 1332(a).

Under the Ninth Circuit's strict burden-of-proof rule, a removing defendant must establish the amount in controversy to a legal certainty; mere speculation will not do. There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end. (*Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566.) The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. (*Id.*)

Plaintiff's complaint seeks at most: (1) statutory damages of $1,000 per defendant; (2) modest actual damages for emotional distress; and (3) attorney's fees available under the Rosenthal Act. Courts have deemed this relief insufficient to satisfy § 1332. (*Arzaga v. Wells Fargo Bank*, Case No. 16-cv-2505 AJB (WVG), 2016 WL 6778794, at *4–5 (S.D. Cal. Nov. 14, 2016) (Rosenthal-only claims could not surpass $75,000 even after adding statutory damages, actual damages, and fees).

Because Defendants cannot satisfy the amount-in-controversy requirement, § 1332 provides no alternative basis for federal jurisdiction, and the case must be remanded.

**C. Removal Lacks an Objectively Reasonable Basis (Fees Are Warranted Under 28 U.S.C. § 1447(c))**

28 U.S.C. § 1447(c) authorizes fee-shifting when the removing party lacked an

objectively reasonable basis for seeking removal.

The standard for awarding attorney fees upon remand should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under 28 U.S.C.S. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. (*Martin v. Franklin Capital Corp.* (2005) 546 U.S. 132, 134 [126 S.Ct. 704, 707, 163 L.Ed.2d 547, 547].).

The appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party. (*Id.*)

Defendants will argue that removal was "colorable" because the Complaint cites FDCPA sections through Cal. Civ. Code § 1788.17. That contention fails. It is settled that a Rosenthal-only complaint does not create federal-question jurisdiction even when it references FDCPA provisions. (See *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 813 (1986)). *Knapp-Prasek v. Accelerated Recovery Servs., Inc.*, No. 11-02848 SC, 2011 WL 4402958, at *4 (N.D. Cal. Sept. 19, 2011) squarely rejects the same theory: incorporation "does not create federal-question jurisdiction." The same conclusion appears in *Reimann v. Brachfeld Law Group,* No. C 10-04156 RS, 2010 WL 5141859, at *4 (N.D. Cal. Dec. 13 2010), and *Arzaga v. Wells Fargo Bank*, No. 16-cv-2505 AJB (WVG), 2016 WL 6778794, at *4-5 (S.D. Cal. Nov. 14 2016). After the Court's careful review of these orders, already furnished to Defendants, the Court will find that no reasonable litigant could view removal as debatable.

Defendants may assert that "mixed" Rosenthal/FDCPA pleadings have sometimes survived remand motions. That argument collapses on the facts. Plaintiff alleged only Rosenthal counts. The Ninth-Circuit decisions Defendants received address this precise pleading posture and leave no room for doubt.

Courts routinely awards fees when defendants pursue equally meritless removals. The Ninth Circuit treats such conduct as sanctionable. In *Patel v. Del Taco, Inc.*,

446 F.3d 996, 999 (9th Cir. 2006), the court held that a removal "with no objectively reasonable basis" warrants § 1447(c) sanctions.

Upon the Court's evaluation, it will conclude that Defendants removed in the teeth of uniform authority, prolonged the litigation, and forced needless motion practice - precisely the conduct § 1447(c) targets. The Court should therefore exercise its discretion, find the removal objectively unreasonable, and order Defendants to pay all fees and costs Plaintiff incurred to secure a remand.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully asks the Court to grant this Motion to Remand, return the case to the Superior Court of California, County of San Bernardino, and direct the Clerk to close this federal action.

Under 28 U.S.C. § 1447(c), Plaintiff also seeks an award of all costs and attorney's fees incurred because of Defendants' objectively unreasonable removal, together with any other relief the Court finds just and proper.

**RESPECTFULLY SUBMITTED,**
**THE LAW OFFICE OF**
**ANTHONY PAUL DIEHL**

Dated: June 23, 2025.

By: /s/ Anthony P. Diehl
Anthony Diehl, Esq.