SEVERSON & WERSON P.C.
THE ATRIUM, 19100 VON KARMAN AVE., STE. 700
IRVINE, CA 92612

Elizabeth C. Farrell
Severson & Werson P.C.
The Atrium, 19100 Von Karman Ave.
Ste. 700
Irvine, CA 92612
(949) 225-3782
ecf@severson.com

Attorneys for Defendants
Atlanticus Holdings Corporation and
The Bank of Missouri

**UNITES STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Michael Sumner,<br><br>Plaintiff,<br><br>v.<br><br>The Bank of Missouri, Aspire, Atlanticus Holdings Corporation, and DOES 1 through 20,<br><br>Defendants. | Case No.: 5:25-cv-01482 MRA (DTBx)<br><br>**MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION FOR REMAND** |

Defendants Atlanticus Holdings Corporation ("Atlanticus") and The Bank of Missouri ("TBOM") (collectively, "Defendants") do not oppose Michael Sumner ("Plaintiff")'s request that this matter be remanded to state court given that Plaintiff's motion clarifies that this action "arises exclusively under California's Rosenthal Fair Debt Collection Practices Act…." (Doc. 9-1 at 1:25-26.) However, Defendants oppose Plaintiff's motion for remand to the extent it alleges that Defendants lacked an objectively reasonable basis for removal and seeks costs and/or attorneys' fees.

SEVERSON & WERSON P.C.
THE ATRIUM, 19100 VON KARMAN AVE., STE. 700
IRVINE, CA 92612

## I. Procedural Posture

According to the Proofs of Service of Summons filed by Plaintiff in state court, Plaintiff commenced this action against Defendants on May 14, 2025. (*See* Doc. No. 1.) Defendants removed the case to this Court on June 13, 2025, on the grounds that this Court has federal-question jurisdiction. (Doc. No. 1.) Defendants filed an Answer on June 20, 2025. (Doc. Nos. 7-8.)

On June 18, 2025, Plaintiff's counsel sent an email to Defendants' counsel stating:

> Thank you for communicating your client's counter-offer.
>
> However, Severson & Werson filed a notice of removal.
>
> Because remand is generally not appealable, there are few if any published decisions on the issue. However, at the district level, it is overwhelmingly settled that Rosenthal is not heard in Federal Court. There is an 80% chance the District court will grant attorney fees to remand under 28 U.S. Code § 1447(c).
>
> Our client is open to accepting $[redacted]. This is a final offer (as to both the remand and the claim settlement) until the remand matter is closed. If TBOM rejects this offer, we will move forward with the remand and address those costs separately from the claim settlement.
>
> Attached is the notice of removal.

(Declaration of Elizabeth C. Farrell Ex. 1.) Shortly thereafter, Defendants' counsel sent an email to Plaintiff's counsel indicating that Defendants understood that the matter was removed to federal court and noting that the Complaint explicitly asserts that at least one of the defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (Farrell Decl. Ex. 1.) Defendants' counsel's email also indicated that it did not appear the parties will be able to settle and requested that Plaintiff's counsel inform Defendants' counsel whether Plaintiff

SEVERSON & WERSON P.C.
THE ATRIUM, 19100 VON KARMAN AVE., STE. 700
IRVINE, CA 92612

would agree to amend the Complaint to exclude Aspire as a party. (*Id.*)

Plaintiff's counsel responded to Defendants' counsel's email later on June 18, stating:

> Attached are a number of decisions that rest on the same facts. The discussions in each are nearly identical to the others .As I mentioned, these decisions never reach appeal.
>
> On a professional note, every time a defendant tries to remove a Rosenthal Act claim to federal court, at a minimum, the court admonishes the defendant. I offer that observation with respect for you as a colleague.
>
> I wish we could litigate Rosenthal Act claims in federal court - as you know, I practice bankruptcy - the federal cases move 10 times faster and the district judges and magistrates courts essentially coerce defendants into settling these claims. So a part of me hopes TBOM pulls a rabbit out of its hat and successfully removes, so I can start filing these claims in the district court.

(*Id.*)

On June 23, 2025, **just five days** after raising the issue of remand via email, Plaintiff filed the motion for remand. (Doc. No. 9.) Plaintiff's counsel did not conduct a meet and confer conference "in person, by telephone, or via video conference" prior to filing the motion, let alone do so at least 7 days prior to filing the motion, as required by L.R. 7-3. (Farrell Decl. ¶¶ 2-3, Ex. 1.)

On June 24, 2025, six days after Plaintiff's counsel first raised the issue of remand, Defendants' counsel informed Plaintiff's counsel that Defendants would stipulate to remand. (Farrell Decl. Ex. 1.) Plaintiff did not accept this offer.

## II. Legal Standard

A claim brought in a state court can be removed to federal court if the complaint contains a federal claim over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a); *id.* § 1331. "It is to be presumed that a cause lies

SEVERSON & WERSON P.C.
THE ATRIUM, 19100 VON KARMAN AVE., STE. 700
IRVINE, CA 92612

outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (*quoting Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (internal alterations omitted).

"The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 861 (9th Cir. 2003)). Original "federal question" jurisdiction exists in a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the `well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *In re NOS Commc'ns*, MDL No. 1357, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

## III. Argument

Plaintiff's argues that federal-question jurisdiction does not exist and that there was no objectively reasonable basis for removal because the Complaint merely "references" or "cross-references certain FDCPA provisions." (Pl.'s Memo. in Supp. of Mot. to Remand at p. 2.) Plaintiff is mistaken. This is not a case where the complaint merely references the FDCPA. Nor is this a case where the complaint clearly alleges that the defendant violated the Rosenthal Act by way of its failure to comply with the FDCPA. The Complaint defines Plaintiff as a " 'consumer' as defined by the FDCPA." (Compl. ¶ 5.) It also explicitly alleges that "Defendant" violated the FDCPA and that a debt collector's violation of the FDCPA subjects it to the remedies set forth in 15 U.S.C. § 1692k.

As an initial matter, Civil Code §1788.17 does not incorporate the definitions

section of 15 USC §1692a. Consequently, whether parties are "debt collectors" or "debtors" under state law is determined exclusively by the definitions applicable under section 1788.2. *Aquino v Capital One Fin. Corp.* (ND Cal, Apr. 14, 2008, No. 08–0479) 2008 US Dist Lexis 80328. Here, the Complaint defines Plaintiff as a debtor under the Rosenthal Act—but also as a " **'consumer' as defined by the FDCPA**." (Compl. ¶ 5 (emphasis added).) By invoking the definition of consumer under the FDCPA—which is **not** incorporated into the Rosenthal Act—Plaintiff has specifically invoked the provisions of the FDCPA. Thus, the references to "consumers," "consumer credit" and "consumer debt" in paragraphs 6-9, 11, 13, 21, and 23-24 appear to relate to alleged violations of the FDCPA, independent of any alleged Rosenthal Act violation(s).

Furthermore, Plaintiff's Complaint alleges that "[b]y initiating communications with a consumer to collect a debt after knowing that the consumer is represented by an attorney, Defendant violated FDCPA §1692c(a)(2)" and that that "[d]espite having notice of Plaintiff's wish to cease communications, Defendant communicated further with Plaintiff with respect to such debt, in violation of FDCPA §1692c(c)." (Compl. ¶¶ 24-25.) The Complaint also alleges that a debt collector's failure to comply with these provisions of the FDCPA subjects the debt collector to liability for damages pursuant to 15 U.S.C. § 1692k. (Compl. ¶ 23.) In other words, the Complaint alleges that "Defendant" violated several discrete provisions of the FDCPA and asserts that such a failure entitles a plaintiff to damages under the FDCPA. These allegations are sufficient to state an FDCPA claim under applicable notice pleading requirements. *See* Fed. R. Civ. P. 8(a)(2) (requiring only a short and plain statement of the claim showing that the pleader is entitled to relief); *see also* Fed. R. Civ. P. 8(d)(1) ("No technical form is required.")

It is not lost on Defendants that the alleged FDCPA violations are contained under a heading that references only state law or that the Complaint's prayer for

SEVERSON & WERSON P.C.
THE ATRIUM, 19100 VON KARMAN AVE., STE. 700
IRVINE, CA 92612

SEVERSON & WERSON P.C.
THE ATRIUM, 19100 VON KARMAN AVE., STE. 700
IRVINE, CA 92612

relief does not explicitly assert that Plaintiff seeks damages under 15 U.S.C. § 1692k. These characteristics support the argument that Plaintiff did not intend to raise a federal claim. However, that does not mean that there was not an objectively reasonable basis for removing the case to this court, or even that this court lacks federal-question jurisdiction.

While the heading for Count II of the Complaint refers to state law, the allegations under that heading cite only to the FDCPA. There is not a single reference to a state law in the body of Count II. And, explained above, Plaintiff appears to use and rely on the term "consumer," which is exclusively defined by the FDCPA and is **not** incorporated by reference into the Rosenthal Act. Similarly, while the Complaint's prayer for relief does not state that Plaintiff seeks to recover under the FDCPA, paragraph 23 of the Complaint alleges that the failure to comply with the FDCPA renders a debt collector liable for damages under 15 U.S.C. § 1692k and the prayer for relief asks "[f]or other and further relief that this Court may deem proper."

Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc*., 518 F.3d 1062, 1065 (9th Cir. 2008).

For the reasons set forth above, there was an objectively reasonable basis for removing this case to this Court on the basis that the Complaint presents a federal question. Furthermore, Defendants informed Plaintiff's counsel that they would stipulate to remand within 6 days of Plaintiff's counsel apprising them that Plaintiff did not intend the Complaint to be construed to seek recovery under the FDCPA.

Even assuming *arguendo* that Plaintiff's counsel's June 18 emails satisfy L.R. 7-3's meet and confer requirement, Defendants agreed to provide the relief sought by Plaintiff prior to June 25—the date Plaintiff was permitted to file the motion following the alleged meet and confer. Plaintiff's failure to comply with the meet and confer requirements of L.R. 7-3 prior to filing the motion for remand and rejection of Defendants' proposed stipulation to remand reflects a desire to manufacture attorneys' fees and unnecessarily multiply these proceedings, which should not be countenanced.

## IV. Conclusion

For the reasons set forth *supra*, Defendants respectfully request that the Court reject Plaintiff's motion for remand to the extent it seeks attorneys' fees and costs. Defendants do not oppose an order to remand this case to state court, with each side paying their own attorneys' fees and costs, in light of Plaintiff's representation that he does not seek relief under the FDCPA or any other federal law.

**SEVERSON & WERSON P.C.**

Dated: June 27, 2025

By: */s/ Elizabeth C. Farrell*

Elizabeth C. Farrell
The Atrium, 19100 Von Karman Ave.
Ste. 700
Irvine, CA 92612
(949) 225-3782
ecf@severson.com

*Attorneys for Defendants Atlanticus Holdings Corporation and The Bank of Missouri*