UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-01482-MRA-DTB | Date | August 7, 2025 |
|---|---|---|---|
| Title | *Michael Sumner v. The Bank of Missouri, et al.* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [9]

Before the Court is Plaintiff Michael Sumner's Motion to Remand (the "Motion") this case to San Bernardino Superior Court. ECF 9. The Court read and considered the moving, opposing, and reply papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The August 11, 2025, hearing is therefore **VACATED** and removed from the Court's calendar.

Plaintiff argues that Defendants' basis for removing this case to federal court—federal question jurisdiction—does not exist, because Plaintiff alleges only state law claims. *Id.* In their Opposition to the Motion, Defendants The Bank of Missouri, Aspire, and Atlanticus Holdings Corporation (collectively, "Defendants") state that they do not oppose Plaintiff's request to remand to state court. ECF 12 at 1. Since the parties agree that the Court lacks subject matter jurisdiction to hear this case, the Motion is **GRANTED**.

Defendants filed their Opposition solely to dispute Plaintiff's argument regarding attorneys' fees and costs. In the Motion, Plaintiff argues that he is entitled to attorneys' fees under 28 U.S.C. § 1447(c) because Defendants' removal of the case to federal court lacked an "objectively reasonable basis." *See* ECF 9-1 at 3–5. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of attorneys' fees and other costs thus falls within the discretion of the court. *Smith v. Genstar Cap. LLC.*, No. C 01-3936MMC, 2001 WL 1658315, at *2 (N.D. Cal. Dec. 20, 2001) ("A district court has 'wide discretion' in deciding whether to award attorneys' fees under § 1447(c).") (quoting *Moore v. Permanente Medical Group*, 981 F.2d 443, 447 (9th Cir.1992)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-01482-MRA-DTB | Date | August 7, 2025 |
|---|---|---|---|
| Title | *Michael Sumner v. The Bank of Missouri, et al.* | | |

    Defendants explain that at the time that they filed their Notice of Removal, they believed in good faith that Plaintiff intended to bring claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, which would have made removal appropriate based on federal question jurisdiction. ECF 12 at 4–7. Critically, Defendants submit copies of e-mail communications between counsel showing that Defendants offered to stipulate to remand the case the day after Plaintiff filed the instant Motion—six days after Plaintiff had first communicated his intent to move for remand. *Id.* at 3 (citing Farrell Decl., Ex. 1). Defendants further explain that they could not avoid motion practice because Plaintiff did not meet and confer prior to filing the Motion, in violation of Local Rule 7-3. Notably, Plaintiff did not file a Reply responding to Defendants' arguments. Under these circumstances, the Court finds that awarding attorneys' fees and costs to Plaintiff would not be fair or appropriate.

    Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand but **DENIES** Plaintiff's request for attorneys' fees. This matter shall be **REMANDED** to San Bernardino Superior Court, case no. CIVSB2509672.

    **IT IS SO ORDERED.**

                                                               \_\_\_ : \_\_\_

Initials of Deputy Clerk    mku